ELIZA B. MOORE v. MARYLAND CASUALTY COMPANY.

(Filed February 17, 1909.)

**Insurance—Indemnity—Receipt—Future Indemnity.**

> When insured, in a policy securing a fixed amount of indemnity on account of sickness, files proof of claim, as provided by the terms of the policy, to a fixed date and executes a receipt for such amount, the language will be restricted to the amount due, and not extended to cover a claim for indemnity for future sickness. The Court concurs with the construction put upon the receipt by the trial judge.

ACTION heard before *Guion, J.,* at December Term, 1908, of BEAUFORT.

On 12 June, 1907, defendant issued to plaintiff its policy, insuring his life in the sum of $5,000 "and for a weekly indemnity of $25 for the term of twelve months from 12 June, 1907." For a total disability the defendant agreed to pay the said sum, and for a partial disability one-half thereof. The policy provided that if the disability continued less than thirteen weeks the amount should be payable at the termination of the disability; and if for longer duration, at the end of thirteen weeks from the date of the accident or illness. The plaintiff, on 23 October, 1907, filed with the company a claim for indemnity for total disability of eight weeks and for partial disability of seven weeks, amounting to $275. The claim was not controverted, and on 31 October, 1907, defendant sent to plaintiff its draft for the full amount. Attached to the draft was a paper containing the following language:

*"To Maryland Casualty Company, Baltimore, Md.*

"Claim No. 619 J. D. is Policy No. DX 44178.

"The above draft must be endorsed on back, and the attached voucher signed and sealed by the payee.

*"Voucher No. A10059.*—In consideration of the payment of the above draft for $275, I hereby discharge and release the Maryland Casualty Company from all claim for indemnity under Policy No. DX 44178 on account of illness beginning on 6 July, 1907.

. "It is understood that this payment shall not be construed as an admission of any liability on the part of the company for the said accident or illness or results therefrom.

"Dated at Washington, N. C. Witness my hand and seal, this 5 November, 1907.

"E. B. Moore. [Seal.]
"Elias B. Moore.

"Witness: L. A. Squires,
S. C. Pegram.
. "Endorsement: Elias B. Moore."

The draft was paid upon presentation. Thereafter plaintiff filed a claim for indemnity for partial disability for eleven weeks, amounting to $137.50. The partial disability was caused by a continuation of the sickness beginning 6 July. Defendant refused to pay the claim, and plaintiff prosecutes this action to recover the amount demanded. Defendant relies upon the voucher of 31 October, 1907, as a release and discharge of all further claim on account of said sickness beginning 6 July, 1907. The partial disability of plaintiff is not controverted. Upon appeal from the justice's court, the cause was heard in the Superior Court, when his Honor instructed the jury that plaintiff was entitled to recover. Defendant duly excepted. Judgment and appeal by defendant.

*Ward & Grimes* for plaintiff.
*Small, MacLean & McMullan* for defendant.

Connor, J., after stating the case: The sole question presented by defendant's exception is whether the voucher executed by plaintiff at the time he received the draft for $275 bars his recovery of the amount sued for in this action. The amount received by him was all that was due at that time, under the terms of the policy. The proof of claim makes no reference to any claim for future indemnity. It is, of course, conceded that, pursuant to our statute (Revisal, sec. 859), the acceptance of "a less amount than that demanded or claimed to be due in satisfaction thereof" is a valid discharge of the whole amount, if so agreed upon and accepted. But there was no other amount

than the $275 paid, "claimed or demanded," nor was any reference made to any claim or demand for future indemnity for disability thereafter sustained. The plaintiff had paid defendant in full at the date of the policy for its contract of indemnity, extending over the full period of twelve months, but four of which had expired. Neither party, so far as appears, desired to put an end to the contract or surrender any benefits accruing thereunder. It would be a strange result if, in accepting and acknowledging the receipt of the exact amount due him at the time, the plaintiff's receipt should be construed to be a surrender of all further claim under his contract with defendant for which he had paid a full consideration. It will be noted that the paper is a printed form used by the defendant, attached to the draft, the signature of which was·required before payment. It is hardly probable that either party understood that it applied to or covered any other than the claim then made and due. It may be that the language of the voucher, without reference to the proof of claim and other papers attached, would be sufficiently broad to include all claims accruing by reason of the sickness of 6 July, 1907, but, when read in connection therewith, we think it manifestly referred to the claim then due and for which the draft was drawn. Defendant relies upon the decision of this Court in *Wright v. Railroad,* 125 N. C., 1. In that case the damage for which the plaintiff sued had been sustained prior to the date of the release and was expressly referred to and included therein. The distinction is obvious. It is true that the sickness of 6 July, 1907, was sickness from which the claim for weekly indemnity arose, but the plaintiff's right to demand indemnity was not for being sick, but for disability caused by sickness, measured by the week. For such disability as had not accrued plaintiff neither had nor claimed to have any demand. If it be suggested that the language used was an agreement to release such claim as might accrue in the future, the objection to its validity is found in the fact that it is without consideration. He received no more than he was entitled to, and defendant paid no more than it was under legal liability to pay. "It is a general principle that the release shall be construed from the standpoint which the parties occupied at the time of its

execution, and confined to the intention of the parties at the time of such execution. * * * The words employed in a release should not be extended beyond the consideration; otherwise, the courts make a release for the parties which they never intended or contemplated." 24 Am. and Eng. Enc., 290. The case, stated in the simplest form, comes to this: On 31 October, 1907, defendant owed plaintiff $275, and plaintiff held its contract to pay a fixed indemnity for any disability thereafter accruing. Defendant paid the amount which it owed by draft, attaching the voucher. Plaintiff received the draft and signed the voucher. To extend its language, by construction, to indemnity for disability thereafter accruing would, we think, do violence to the intention of the parties—certainly of the plaintiff, who, if so construed, surrendered a claim for indemnity for which he had paid in full for no consideration. As a release is a new contract, it must be so construed as to effectuate the intention of both parties. Considered from any point of view, we concur with his Honor's ruling. The judgment must be

Affirmed.