ECONO-TRAVEL MOTOR HOTEL CORPORATION v. FOREMAN'S INC., T/A
ALLSTATE BUILDING SUPPLY

AND

ECONO-TRAVEL MOTOR HOTEL CORPORATION v. CLAY B. FOREMAN, JR.

No. 791SC24

(Filed 4 December 1979)

1. **Mortgages and Deeds of Trust § 30— default on upset bid—deficiency—liability of individual defendant**

   Plaintiff's evidence was sufficient for the jury on the issue of the individual defendant's liability for the deficiency caused by default on an upset bid at a foreclosure sale where the jury could find (1) that defendant filed the upset bid in his individual capacity rather than for the corporation on whose account the check for the bid was written; (2) that a bona fide attempt at tender of a deed was made to the individual defendant where a deed to the corporation, the apparent bidder, was sent by the trustee to defendant's attorney and was forwarded by the attorney to defendant, and defendant waived objection to the tender by failing to inform the trustee if the deed should have been made to him individually; (3) that defendant waived objection to the order confirming the sale to the corporation by failing to object to the order; and (4) that the upset bid has not been complied with.

2. **Rules of Civil Procedure § 32— use of deposition—showing of unavailability of witness**

   Plaintiff made a sufficient showing that a witness was unavailable to testify to permit the introduction of the witness's deposition where plaintiff's counsel informed the trial court that the sheriff's office had been unable to locate the witness and a subpoena for her had been returned unserved. G.S. 1A-1, Rule 32(a)(4).

APPEAL by plaintiff from *Allsbrook, Judge.* Judgment entered 18 August 1978 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 15 October 1979.

Plaintiff is the holder of a note in the principal amount of $375,000, executed by a general partnership and representing a loan for the construction of a motel. The note was secured by a deed of trust on the motel property. On 16 May 1974, the note was in default and a substitute trustee was appointed to foreclose the deed of trust. At this time the motel had been constructed but not fully equipped for operation. A sale was conducted 17 June 1974, and Econo-Travel Motor Hotel Corporation (which had purchased the note in question from the original holder) was high

Hotel Corp. v. Foreman's, Inc. and Hotel Corp. v. Foreman

bidder at $355,392.00. An upset bid of $373,211.60 was filed 27 June 1974 by Clay B. Foreman, Jr., who deposited a check, drawn on the account of Allstate Building Supply, Division of Foreman's, Inc., for $17,819.60 with Naomi Chesson, Clerk of Superior Court for Pasquotank County. The receipt for the deposit was originally made out to Allstate, but subsequently had the inscription "should be in the name of Clay Foreman, Jr." placed upon it. Resale was conducted 18 July 1974, no further upset bids were filed, and sale to Allstate was confirmed by order dated 31 July 1974 in which the trustee was directed to deliver to Allstate "or its nominee" a deed for the premises upon receipt of the balance due of $355,392.00. The trustee tendered a proposed deed to Russell Twiford, attorney for both Clay B. Foreman, Jr., and Foreman's, Inc. Twiford forwarded the deed to Clay Foreman, Jr., with a letter dated 9 August 1974 which stated, in pertinent part:

> It was my understanding that you had placed the bid on this property in your individual name and not on behalf of the corporation and I feel this should be clarified immediately.

Neither Clay B. Foreman nor Foreman's, Inc., (either in its own name or by Allstate) made any further payment on the bid. The property was readvertised for sale 10 September 1974 and, after a series of resales and upsets, was ultimately sold for $315,050.00.

Econo-Travel brought suit, initially against Foreman's, Inc. and then, at a later date, against Clay B. Foreman, Jr., individually. Both defendants answered, denying that they made upset bids on the property. The matters were subsequently consolidated for trial. At trial, directed verdict was entered in favor of the individual defendant, Clay B. Foreman, Jr. Counsel for the defendant corporation (who also were counsel for the individual defendant) then called Clay B. Foreman, Jr. to the stand. He testified that he had made the bid in his own name and for his own purposes, stating that at no time was he acting on behalf of the corporate defendant. Plaintiff sought to introduce the deposition of Naomi Chesson (who was Clerk of Superior Court at the time the upset bid was made) in order to rebut the testimony of Clay B. Foreman, Jr. The trial court refused to admit it, on the grounds that plaintiff had not adequately shown that the witness whose deposition was to be used was actually unavailable. The jury

returned a verdict in favor of the corporate defendant. Plaintiff appeals from both judgments, assigning error.

*Wilton F. Walker, Jr., and Robert E. Brown, for plaintiff appellant.*

*Twiford, Trimpi and Thompson, by C. Everett Thompson and John G. Trimpi, for Clay B. Foreman, Jr., defendant appellee.*

*Twiford, Trimpi and Thompson, by C. Everett Thompson and John G. Trimpi for Foreman's, Inc., defendant appellee.*

MARTIN (Robert M.), Judge.

Plaintiff's appeal is subject to dismissal for failure to comply with the North Carolina Rules of Appellate Procedure. Rule 28(b)(3), N.C. Rules App. Proc. (pertaining to content of appellants' briefs) provides in pertinent part:

> Immediately following each question [set out and argued in the brief] shall be a reference to the assignments of error and exceptions pertinent to the question, identified by their numbers and by the pages of the printed record on appeal at which they appear. Exceptions in the record not set out in appellant's brief . . . will be taken as abandoned.

By application of this Rule, plaintiff has abandoned its entire appeal, as counsel for plaintiff have nowhere indicated in their brief which exceptions are pertinent to which question presented for argument. Furthermore, although counsel for plaintiff objected to the exclusion of the deposition of Naomi Chesson and have argued on appeal that the trial court's action in so excluding it was prejudicial, the deposition was not included in the record on appeal as is required if we are to determine if any error contended for was prejudicial. Although the serious questions presented by this case have persuaded us, in the interests of justice and in our discretion, as permitted by Rule 2, N.C. Rules App. Proc., to waive the numerous procedural errors present, we again emphasize to the practicing bar that the Rules of Appellate Procedure are mandatory upon all parties before this Court. A thorough understanding of the Rules is the *sine qua non* of competent representation of clients in the appellate courts.

The verdicts in this case are patently anomalous. In view of the evidence in the record, it is beyond contention that Clay B. Foreman, Jr., personally filed the upset bid with the Clerk of Superior Court. It is logically and manifestly apparent that in so acting, he was either acting in his individual capacity or as an agent for the corporation on whose account the check for the bid was drawn and to which the sale was confirmed. Yet, we are presented with verdicts which absolve of liability for the deficiency engendered by the default on the upset bid the only parties who could have been responsible. For the several reasons hereinafter stated, we reverse both judgments and remand the causes for new trial.

[1] Plaintiff first assigns as error the entry of the directed verdict in favor of the individual defendant, Clay B. Foreman, Jr. Counsel for the individual defendant based his motion for directed verdict upon four grounds. Two of these grounds are clearly inapplicable and are not argued by counsel for any of the parties on appeal. The remaining grounds were pertinent to whether plaintiff had made out a *prima facie* case as to each essential element of its claim for relief. Under N.C. Gen. Stat. §§ 45-21.30(c and d) and 45-21.29(h), liability for default upon an upset bid at a judicial sale is predicated upon four elements:

(1) The person against whom liability is asserted was the last and highest bidder at a sale or resale.

(2) The Clerk of Superior Court confirmed the sale to that person.

(3) There has been either a tender of a deed to that person or a good faith attempt to tender a deed.

(4) The person against whom liability is asserted has failed to comply with the bid he made.

As to the first element so stated, plaintiff, in its case against the individual defendant, adduced evidence which tended to show that Clay B. Foreman, Jr., was the person who filed the upset bid. This evidence consisted of two paper writings: the receipt upon which it had been written that the bid should be entered in Foreman's name individually, and the letter from Foreman's attorney in which the attorney unequivocally stated as a fact that Foreman had placed the upset bid and further stated the at-

torney's understanding that the bid had been placed in Foreman's individual capacity and not on behalf of the corporation. Although this is slender evidence and plaintiff's case could easily have been bolstered by calling Clay B. Foreman, Jr., as an adverse witness, we hold that on the instant facts this was sufficient evidence on this particular element to go to the jury. The evidence was admitted without objection and, when viewed in the light most favorable to plaintiff as is required on the motion for directed verdict, was sufficient to withstand defendant's motions.

As to the element of tender, the pertinent statute (N.C. Gen. Stat. § 45-21.30(c) does not require an actual tender of a deed to Clay B. Foreman, Jr., but rather "a bona fide attempt to tender such deed." In the context of real property transactions, the tender required of a vendor consists of two things. First, the vendor must be ready, willing and able to perform all of his obligations in return for concurrent performance of contractual obligations on the part of the party to whom tender is made. Second, the person to whom tender should appropriately be made must have sufficient notice that the person making the tender is in the required position. *See generally* 92 C.J.S. *Vendor and Purchaser* § 230(a). In the instant case, the trustee tendered a deed in the name of the purchaser who had at least apparently entered the bid. His actions were in good faith. Defendant Foreman received unequivocal notice of the trustee's readiness to comply with the bid by the letter written by Foreman's attorney to him enclosing the proposed deed. No contention has been made, either here or below, that the trustee would have been unable to revise the deed to reflect title in the individual rather than the corporation. We conclude, therefore, that the requirements of a *bona fide* attempt at tender have been met as to the individual defendant. If the tender was made by a proposed deed naming an incorrect party as grantee, it was the responsibility of Clay B. Foreman, Jr., so to inform the trustee. He has, by his conduct and silence, waived any objections he might otherwise have made to the tender. There was, therefore, sufficient evidence on this element to withstand defendant's motion for directed verdict.

As to confirmation of the sale by the Clerk of Superior Court, that action by the Clerk is essentially ministerial in nature. Its complete absence will not void an otherwise valid sale. *See Cheek v. Squires*, 200 N.C. 661, 158 S.E. 198 (1931). We are of the opinion

that, for the same reasons set out previously in respect to tender, the individual defendant has waived any objections he might have otherwise lodged against the existing form of the order of confirmation. Having received ample notice of the transaction, no one other than the individual defendant Clay B. Foreman, Jr., was in a better position to be aware of and seek correction of inadvertent errors in the order. This was not a summary proceeding. Therefore, the authority upon which plaintiff relies is not applicable. The apparent conflict our holding may create with such cases as *Stout v. Philippi Manufacturing & Mercantile Co.*, 41 W. Va. 339, 23 S.E. 571 (1895) may be resolved in that the instant case is factually distinguishable and further, there is substantial confusion (to which the individual defendant actively contributed) as to whether the sale should have been confirmed to the individual or the corporation. Should the evidence be taken to show that the bid was originally made in the name of the corporation and was subsequently assigned or otherwise transferred to the individual, tender and confirmation of sale to the corporation would be proper. *See Corbus v. Teed*, 69 Ill. 205 (1873). The order of confirmation directed the trustee to deliver a deed to "Allstate or its nominee" which may, upon the evidence of record before us, be quite sufficient as to Clay B. Foreman, Jr. We therefore find that there was sufficient evidence on this element to withstand defendant's directed verdict motions.

As it is not argued by any party that the upset bid has been complied with, we conclude that plaintiff established a *prima facie* case against the individual defendant as to each element of the claim for relief. Therefore, it was error for the trial court to direct a verdict in favor of the individual defendant Clay B. Foreman, Jr.

[2] Plaintiff also assigns as error the exclusion from evidence of the deposition of Naomi Chesson. Rule 32(a)(4), N.C. Rules Civ. Proc., permits the use of a deposition of a witness if the witness is unavailable to testify. A witness is unavailable under the rule if, among other things, the party seeking to use the deposition of the witness has been unable to procure the attendance of the witness. In the instant case, counsel for plaintiff informed the trial court that a subpoena had been returned unserved, with the Sheriff's office being unable to locate Naomi Chesson. As she was no longer Clerk of Pasquotank Superior Court, her presence in

the courthouse at the time of trial was not a foregone conclusion. However, the trial court indicated that counsel for plaintiff had not made a sufficient showing that Mrs. Chesson was unavailable and on that basis excluded her deposition. This was error. Nothing in the plain language of the Rule indicates that an attorney must maintain a continuous search for a witness until either the witness is found or the deposition is used. Any prejudice which accrues by the use of a deposition will normally be to the detriment of the party using it, in that readings from a deposition naturally have a less forceful impact upon the jury than will the testimony of a live witness. In the instant situation there were no defects contended for in respect to the notice of taking or in the actual taking of Mrs. Chesson's deposition and defendants were represented at its taking. We therefore conclude that the trial judge erred in refusing to allow plaintiff to use Mrs. Chesson's deposition. The freedom with which such a deposition may be used is suggested in *Transportation, Inc. v. Strick Corp.*, 291 N.C. 619, 231 S.E. 2d 597 (1977).

As counsel for plaintiff did not cause the contents of Mrs. Chesson's deposition to be included in the record, we would ordinarily be unable to determine if the erroneous exclusion of the evidence was prejudicial. In view of the unusual circumstances of this case, we ordered, *sua sponte*, that the Clerk of Superior Court for Pasquotank County transmit to us a true copy of the deposition as filed in the records of this matter below. Our examination of the substance of this deposition persuades us that its exclusion was clearly prejudicial to plaintiff. Therefore, we must order a new trial as to the corporate defendant.

We do not consider other errors contended for by appellants, as they may not recur on retrial.

In 75CvS239, new trial.

In 77CvS221, new trial.

Judges PARKER and ERWIN concur.