ECONO-TRAVEL MOTOR HOTEL CORPORATION Plaintiff v. JOHN M. TAYLOR, EDGAR M. HOLT and CHARLES P. FLETCHER, T/A TAYLOR-HOLT-FLETCHER, a partnership and JOHN M. TAYLOR, BARBARA B. TAYLOR, EDGAR M. HOLT, GUSTANA HOLT, CHARLES P. FLETCHER and JUANITA U. FLETCHER, Individually, Defendants and CHARLES P. FLETCHER and wife, JUANITA U. FLETCHER, Third-Party Plaintiffs v. FOREMANS, INC., T/A ALL-STATE BUILDING SUPPLY, and CLAY B. FOREMAN, JR., Third-Party Defendants

No. 791SC139

(Filed 19 February 1980)

1. **Partnership § 4— withdrawal of partner—creditor not party to withdrawal agreement**

    Defendant's withdrawal from a partnership did not constitute a defense to plaintiff's action on a note which had been entered into while defendant was still a partner, since the withdrawal agreement did not comply with G.S. 59-66(b) in that the holder of the note on the date of the withdrawal agreement was not a party thereto.

2. **Partnership § 4— release between plaintiff and partners—liability on note unaffected**

    A release entered into by plaintiff and a partnership, which included defendant, did not discharge defendant from liability on a promissory note which the partnership had entered into for the building of a motel, since the release applied only to rights and obligations running between the parties under licensing agreements but did not affect the partners' financial obligations under the promissory note.

3. **Partnership § 4— loan advances to partnership after partner's withdrawal—failure to give notice—partner liable**

    Defendant continued to incur liability for loan advances made to a partnership subsequent to his withdrawal from the partnership since it was incumbent upon defendant to notify the holder of the note of his withdrawal from the partnership so that the holder would then look to the remaining partners

for repayment of further advances, and defendant offered no evidence of notice or actual knowledge of the holder that his partnership status had changed.

APPEAL by plaintiff from *Walker (Hal H.), Judge*. Judgment entered 26 September 1978 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 16 October 1979.

Plaintiff, Econo-Travel Motor Hotel Corporation, instituted this action on 10 February 1976 seeking a deficiency judgment for an amount owing on a promissory note dated 15 May 1973, executed by defendants John M. Taylor, Edgar M. Holt, and Charles P. Fletcher as a general partnership under the name Taylor-Holt-Fletcher. The note was endorsed by the wife of each defendant, Barbara B. Taylor, Gustana H. Holt, and Juanita U. Fletcher, respectively. Originally made payable to Southern Loan and Insurance Company and endorsed to Southern Mortgage Company (Southern), the note was subsequently assigned to plaintiff on 14 June 1974. On 7 September 1978, defendants Fletcher and wife filed a motion for summary judgment. Upon hearing, the trial court granted their motion and dismissed plaintiff's complaint against them.

The following sequence of events was established by materials presented at the summary judgment hearing: On 13 December 1972, defendants Taylor, Holt and Fletcher formed a partnership for the purpose of dealing in real estate, and entered into certain licensing agreements with plaintiff relating to the construction and operation of Econo-Travel Motor Hotels in North Carolina, Kentucky, and Georgia. On 15 May 1973, the partnership executed a promissory note in the principal sum of $375,000 to build an Econo-Travel Motor Hotel in Elizabeth City, North Carolina, due and payable on 15 November 1973. On 10 September 1973, defendants Taylor, Holt, and Fletcher entered into an agreement whereby Fletcher withdrew from the partnership. On 19 September 1973, plaintiff, Fletcher, and the remaining partners, Holt and Taylor, entered into a release agreement whereby Fletcher assigned all of his rights in the licensing agreements to Holt and Taylor, who assumed all of the obligations under those agreements. The release purportedly operated to discharge any rights and obligations running between plaintiff and Fletcher under the licensing agreements. As of 10 September 1973, Southern had advanced $110,000 to the partnership pur-

suant to the loan agreement. On 16 May 1974, foreclosure proceedings were instituted upon default on the promissory note, and the foreclosure sale was set for 17 June 1974. On 14 June 1974, plaintiff purchased the promissory note for $355,392 from Southern. The following day, on 15 June 1974, plaintiff entered into an agreement with Taylor and wife, Fletcher and wife, and William H. Martin, Jr. and wife, whereby plaintiff agreed to bid on the hotel property at the foreclosure sale in the amount of $355,392. The agreement further provided that if the bid was successful, Taylor, Martin, and Fletcher would then purchase the property from plaintiff.

At the sale conducted 17 June 1974, plaintiff was the highest bidder at $355,392. However, an upset bid was filed on 27 June 1974 for $373,211.60. Upon failure of the confirmed bidder to comply with the bid, resales of the property were conducted. The property was finally sold to Overnight Inns, Inc., for $315,050, and on 21 March 1975, $310,584.95 was applied to the indebtedness evidenced by the promissory note. In its action for a deficiency judgment, plaintiff demanded $76,534.35 plus interest, representing the balance owing on the promissory note.

From the trial court's granting of summary judgment against it, plaintiff appeals.

*Wilton F. Walker, Jr., for plaintiff appellant.*

*J. Kenyon Wilson, Jr., and M. H. Hood Ellis for defendant appellees, Charles P. Fletcher and wife, Juanita U. Fletcher.*

CLARK, Judge.

Plaintiff's only assignment of error is that the trial court erred in granting summary judgment in favor of defendants Fletcher and wife. A court may grant a motion for summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c); *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979).

Plaintiff argues initially that issues of material fact exist concerning whether Fletcher defaulted on the promissory note, and

in what amount, if any, Fletcher is indebted to plaintiff for a deficiency after foreclosure. On this point it is clear that default occurred in the performance of the obligations under the deed of trust, as evidenced by the notice of foreclosure dated 16 May 1974. The promissory note and deed of trust indicate that the loan was made 15 May 1973, and the maturity date was 15 November 1973. There is no evidence in the record of any payments having been made on the principal of the debt. In addition, at no time did the parties contest the issue of default during the progress of foreclosure proceedings. In any event, the dispositive issue for decision here is whether, in light of the materials presented and the applicable law, plaintiff has presented a prima facie case that defendant Fletcher is liable as a maker of the note held by plaintiff Econo-Travel, notwithstanding his withdrawal from the partnership and obtaining a release from plaintiff.

[1] Fletcher's defense to plaintiff's claim is based on the contention that his withdrawal from the partnership on 10 September 1973 constitutes a defense to an action on the note, and that plaintiff purchased the note with knowledge of such defense. Fletcher argues further that since plaintiff had knowledge of his withdrawal, plaintiff cannot assert the rights of a holder in due course under G.S. 25-3-305 in its action on the note for a deficiency judgment. For the reasons stated below, we reject defendant Fletcher's argument and hold that his withdrawal from the partnership does not constitute a defense to plaintiff's action as a holder of the note.

Chapter 59 of the North Carolina General Statutes governs the rights and liabilities of both limited and general partnerships. With respect to obligations incurred by a general partnership, G.S. 59-45 provides that "[a]ll partners are jointly and severally liable for the acts and obligations of the partnership." The liability of each partner is not extinguished by mere withdrawal from the partnership: "The dissolution of the partnership does not of itself discharge the existing liability of any partner." G.S. 59-66(a). However, under G.S. 59-66(b), "[a] partner is discharged from an existing liability upon dissolution of the partnership by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business. . . ."

Hotel Corp. v. Taylor and Fletcher v. Foremans, Inc.

Under the partnership agreement entered into by Taylor, Holt and Fletcher dated 13 December 1972, any partner had the right to withdraw from the partnership at the end of any fiscal year. Pursuant to that provision, Taylor, Holt and Fletcher on 10 September 1973 entered into an agreement whereby Fletcher withdrew from the partnership. In addition, Fletcher assigned all his right, title, and interest to all partnership assets to Holt and Taylor. In return, Holt and Taylor agreed as follows:

> [T]o save and hold harmless [Fletcher] from any loss, liability or claim from whatever nature arising by reason of the said prior interest of [Fletcher] resulting from the business or transaction of the aforesaid partnership.

By this language, it appears that Holt and Taylor intended to discharge Fletcher from any liability incurred as a partner before withdrawal. However, as between the individual partners and partnership creditors, this agreement does not comply with the requirements of G.S. 59-66(b) in that Southern, holder of the note on 10 September 1973, was not a party to the agreement. Thus, although his liability as between himself and the other partners may have been extinguished, Fletcher remained primarily liable to the partnership creditor as a maker of the note.

[2] Fletcher argues, however, that he was discharged from all liability to plaintiff by the release dated 19 September 1973. The release provided, in pertinent part, as follows:

> Company and Fletcher do hereby remise, release and forever discharge each other and the successors, heirs, executors, administrators, assigns, officers, directors, and employees of each other of and from all actions or causes of action, suits, debts, accounts, contracts, agreements, damages, judgments, claims and demands whatsoever, of every name and nature, which Fletcher or Company or their successors and assigns now has, ever had or hereafter can, will or may have, by reason of any matter, happening, cause or thing whatsoever, from the beginning of the world to this date arising from, out of or relating to the Agreements."

It is clear from the language of the release that it discharged each party from liability concerning any matters arising under the licensing agreements. However, it is apparent that the

"Agreements" referred to the construction and operation licensing agreements between plaintiff and the partnership only, as they specified no other documents or transactions. The only parties to the release were plaintiff Econo-Travel and the three original partners.

A release is contractual in nature, and its scope and extent is determined from its purpose, subject matter, and language. *See Adder v. Holman & Moody, Inc.*, 288 N.C. 484, 219 S.E. 2d 190 (1975); 76 C.J.S. *Release* § 51 (1952). After review of the document, it is our opinion that the release did not reach the partners' financial obligations under the promissory note, and Fletcher was never discharged from his individual liability by Southern. Although plaintiff was the holder of the note at the time foreclosure occurred, plaintiff was not the holder at the time the release was made. At that time, plaintiff signed only as licensor, and had no right or obligation to release Fletcher from liability under the note. The licensing agreements and the construction loan were two entirely separate transactions, and a release as to one transaction obviously does not operate to affect liability as to the other.

[3] Alternatively, Fletcher contends that if liable at all, he is only liable for $110,000, representing the extent to which the loan proceeds were advanced as of 10 September 1973, and that since more than that amount was realized by the foreclosure sale, there is no deficiency as to the amount he owes. In our opinion, however, Fletcher continued to incur liability for the loan advances made subsequent to his withdrawal, for the following reasons. As to liability as of his withdrawal, under the provisions of Chapter 59 previously discussed, it is clear that Fletcher remained jointly and severally liable for existing partnership obligations. Furthermore, to escape liability for loan advances subsequent to his withdrawal from the partnership, it was incumbent upon him to notify Southern of his withdrawal so that Southern would then look to the remaining partners for repayment of further advances. *Ring Furniture Co. v. Bussell*, 171 N.C. 474, 88 S.E. 484 (1916). *See generally* 60 Am. Jur. 2d *Partnership* §§ 210, 226, 227 (1972). In the materials presented, we find no evidence that Southern was ever notified or had actual knowledge of Fletcher's withdrawal from the partnership. Further, as evidenced by the statement of account certified by Southern and

relied upon by Fletcher on summary judgment, Southern continued to rely on Fletcher's name as a partner in the firm and on his signature as a maker of the note. Absent evidence of notice or actual knowledge that the partnership had changed, Fletcher remained primarily liable on the note.

Fletcher argues nonetheless that plaintiff, rather than Southern, had knowledge of both the withdrawal agreement and that at the time of that agreement only $110,000 had been advanced to the partnership. The question of notice to plaintiff is not relevant to this determination. Without deciding whether plaintiff is a holder in due course under G.S. 25-3-302 and, therefore, not subject to any defenses except as listed in G.S. 25-3-305, we find no evidence in the materials presented of a defense to plaintiff's claim on the promissory note that would compel an award of summary judgment for defendant Fletcher.

We note that although plaintiff moved for summary judgment as well as defendant Fletcher, plaintiff does not bring forward the court's denial of that motion as a cross-assignment of error on appeal. Therefore, since we do not reach that question, we must reverse the trial court's granting of summary judgment for defendant, and remand this case to the trial court for further proceedings in accordance with our decision.

In a companion case, before another panel of this Court, it was held that there was a prima facie case that either Clay B. Foreman, Jr. or Foreman's Inc. filed an upset bid following foreclosure on the subject property in the instant case. *Econo-Travel Motor Hotel Corporation v. Foreman's, Inc.*, 44 N.C. App. 126, 260 S.E. 2d 661 (1979). G.S. 45-21.30(d) provides that a defaulting bidder is liable to the extent that the final sale price is less than his bid plus all costs of resale. In order to prevent Econo-Travel in the instant case from having a double recovery, the partnership and defendant Fletcher are entitled to an offset in their liability to Econo-Travel to the extent of any recovery obtained by Econo from the defaulting bidder.

Reversed and remanded.

Judges PARKER and MARTIN (Robert M.) concur.