CHARLES J. TRAVIS v. KNOB CREEK, INC. AND ETHAN ALLEN, INC.

No. 8625SC404

(Filed 3 March 1987)

**Master and Servant § 10.2— discharge of employee—release executed by employees as bar to action—jury question**

In an action to recover for breach of an employment contract where defendants denied liability based in part on a release executed by plaintiff, the trial court did not err in submitting an issue to the jury as to whether the release served to bar plaintiff's recovery where the release was worded very broadly to include "all claims, demands, actions, causes of action, on account of, connected with, or growing out of any matter or thing whatsoever . . ."; the release was executed by plaintiff and other officers of Knob Creek, Inc. who were retained by Ethan Allen, Inc. in consideration for a favorable price for their Knob Creek stock; plaintiff signed the release within a month after signing the paper writing determined by the jury to be plaintiff's employment contract; and the question whether the release was intended by the parties to cover any "claims, demands, actions [or] causes of action . . . growing out of . . ." this employment contract was one for the jury.

APPEAL by plaintiff from *Ferrell, Judge.* Judgment entered 17 January 1986 in Superior Court, CATAWBA County. Heard in the Court of Appeals 18 September 1986.

Plaintiff was employed by defendant Knob Creek, Inc. from 1977 until the company was bought by defendant Ethan Allen, Inc. in 1979. During negotiations for sale of the company, the president of Knob Creek and plaintiff entered into discussions

about a long-term employment contract to ensure plaintiff's continued employment by Ethan Allen, Inc. after the sale. The two executed a sketchy, handwritten document calling for a ten-year term of employment at an annual salary of $40,000 with minimum annual increases of seven percent. The document was signed by both the president of Knob Creek and plaintiff.

Upon completion of the sale of Knob Creek to Ethan Allen, Inc., the upper-level managers of Knob Creek who had been retained by Ethan Allen, including plaintiff, were asked to execute releases in connection with the sale of their Knob Creek stock to Ethan Allen. This release read, in pertinent part, as follows:

> . . . [T]he said officer doth hereby release and forever discharge Knob Creek . . . from all claims, demands, actions, causes of action, on account of, connected with, or growing out of any matter or thing whatsoever . . . .

On 27 January 1984, plaintiff was discharged by Ethan Allen, Inc. He sued for breach of his employment contract. Defendants denied liability based, in part, on the release quoted above. The jury found that there had been, in fact, a breach of plaintiff's employment contract, but that the release barred his action. Plaintiff's motions to set aside the verdict and for a new trial were denied. He appeals.

*Patrick, Harper and Dixon by Stephen M. Thomas and R. Allen Ingram, Jr., for plaintiff-appellant.*

*Whiteford S. Blakeney for defendants-appellees.*

PARKER, Judge.

Plaintiff assigns as error the trial judge's submission of the following issue to the jury:

> 4. Did the release executed by the plaintiff in December 1979 serve to bar the plaintiff from recovery upon the contract of employment?

Plaintiff contends that, as a matter of law, a release executed in December of 1979 could not act to bar a claim which did not arise until plaintiff was discharged on 27 January 1984. We disagree.

Under North Carolina law, releases are contractual in nature and their interpretation is governed by the same rules as those governing interpretation of contracts. *Econo-Travel v. Taylor*, 45 N.C. App. 229, 262 S.E. 2d 869, *rev'd on other grounds*, 301 N.C. 200, 271 S.E. 2d 54 (1980). The scope and extent of the release should be governed by the intention of the parties, which is to be determined by reference to the language, subject matter and purpose of the release. *Id.* Where a contract does not clearly and unambiguously set out its scope, the parties' intentions become a question for the jury. *See Gore v. George J. Ball, Inc.*, 279 N.C. 192, 182 S.E. 2d 389 (1971). *See generally* 66 Am. Jur. 2d *Release* § 30 (1973).

In this case, the release signed by plaintiff was worded very broadly to include "all claims, demands, actions, causes of action, on account of, connected with, or growing out of any matter or thing whatsoever . . . ." The release was executed by plaintiff and the other officers of Knob Creek, Inc. who were retained by Ethan Allen, Inc. in consideration for a favorable price for their Knob Creek stock. Plaintiff signed the release within a month after signing the paper writing determined by the jury to be plaintiff's employment contract. The question whether the release was intended by the parties to cover any "claims, demands, actions [or] causes of action . . . growing out of . . ." this employment contract was one for the jury. The trial court did not err in submitting the issue of the release to the jury and instructing the jury thereon.

Plaintiff also contends that the trial court erred in denying his motion for a new trial on the issue of the release. A Rule 59 motion for a new trial is addressed to the sound discretion of the trial judge. *Hord v. Atkinson*, 68 N.C. App. 346, 315 S.E. 2d 339 (1984). A discretionary ruling granting or denying a new trial is reversed only where an abuse of discretion is clearly shown resulting in a substantial miscarriage of justice. *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). Here, plaintiff is unable to show any abuse of discretion where the trial court submitted the issue to the jury under proper instructions and entered judgment on the jury verdict. Nothing in the record would support a conclusion that the trial court in any way abused its discretion.

Finally, plaintiff contends that the trial court erred in entering judgment for defendants. An exception to the entry of judgment after a jury trial presents for review only the question of whether the judgment is regular in form and whether it is supported by the verdict. *See Green v. Maness*, 69 N.C. App. 403, 316 S.E. 2d 911 (1984). *See also* N.C. Rule App. Proc. 10(a). A review of the record reveals no error on the face of the judgment.

In light of our disposition of plaintiff's assignment of error, we need not address the cross-assignment of error brought forth by defendants.

No error.

Judges PHILLIPS and COZORT concur.