CHARLES J. TRAVIS v. KNOB CREEK, INC. AND ETHAN ALLEN, INC.

No. 151PA87

(Filed 2 December 1987)

**Master and Servant § 10; Torts § 7— employment contract—release of claims and causes of action—subsequent discharge**

The trial court erred by permitting the jury to determine that a release barred plaintiff's claim for breach of an employment contract where plaintiff

was an officer and stockholder of Knob Creek, Inc.; plaintiff negotiated a ten-year employment contract with Knob Creek in 1979 after learning that the company was going to be sold; Knob Creek was shortly thereafter sold to Ethan Allen; plaintiff and the other principal stockholders executed releases discharging Knob Creek "from all claims, demands, causes of action on account of, connected with, or growing out of any matter or thing whatsoever"; and Ethan Allen terminated plaintiff's employment in 1984. The release did not specifically include future claims or non-asserted rights and did not contain any language implying that such claims or rights were being released; plaintiff neither had a cause of action nor had asserted a legal right to continue working for Knob Creek at the time he signed the general release.

Justice MEYER dissenting.

Justices WEBB and WHICHARD join in the dissenting opinion.

ON discretionary review of a decision of the Court of Appeals, 84 N.C. App. 561, 353 S.E. 2d 229 (1987), which affirmed a judgment entered by *Ferrell, J.*, on 7 January 1986 in Superior Court, CATAWBA County. Heard in the Supreme Court 15 October 1987.

*Patrick, Harper & Dixon, by Stephen M. Thomas and R. Allen Ingram, Jr., for the plaintiff appellant.*

*Blakeney, Alexander & Machen, by W. S. Blakeney, for the defendant appellee.*

MITCHELL, Justice.

The sole issue before us is whether the trial court erred in permitting the jury to find that the plaintiff's general release of prior and existing claims against the defendants relieved them of their obligation to provide the plaintiff employment according to the terms of an employment contract. We conclude that the trial court erred. Accordingly, we reverse the Court of Appeals' decision, which found no error in the judgment of the trial court.

Evidence at trial tended to show that the plaintiff, Charles J. Travis, was an employee as well as a stockholder and officer of Knob Creek, Inc., a furniture manufacturing plant in Morganton, North Carolina. In 1979 the plaintiff learned that the company was going to be sold to Ethan Allen, Inc., and he negotiated with Knob Creek, Inc. for a ten year employment contract at a specified salary. Gerald McBrayer, the president of Knob Creek,

sketched out and signed a memorandum of the agreement between the parties. It stated:

> 10 year + Contract—for C.J.T. with K.C. Inc.—40,000 + Min. 7% Increase + Bonus—Renewable—Gerald T. McBrayer, Jr.

The plaintiff told McBrayer that the contract was a "good deal." A few weeks later the plaintiff dated and signed the document.

Shortly after this event Knob Creek sold all of its stock to Ethan Allen. As part of this transaction, the plaintiff and the other principal stockholders of Knob Creek were asked and agreed to execute certain releases. Each release stated in pertinent part: "[T]he said officer doth hereby release and forever discharge Knob Creek . . . from all claims, demands, actions, causes of action, on account of, connected with, or growing out of any matter or thing whatsoever."

For the next five years the plaintiff remained employed by Knob Creek under the new ownership and top management of Ethan Allen. In 1984, however, the Ethan Allen management became dissatisfied with the plaintiff's performance and terminated his employment. He sued for breach of his employment contract. The defendants based their denial of liability, in part, on the release signed by the plaintiff.

At trial the jury found that the parties had entered an employment contract, that the plaintiff had performed and the defendants had breached the employment contract, but that the release barred the plaintiff's action.

On appeal the plaintiff contended that, as a matter of law, his release executed in December of 1979 could not bar his claim, which arose when he was discharged on 27 January 1984. The Court of Appeals disagreed. It reasoned that "[t]he scope and extent of the release should be governed by the intention of the parties, which is to be determined by reference to the language, subject matter and purpose of the release." *Travis*, 84 N.C. App. at 563, 353 S.E. 2d at 230 (citing *Econo-Travel v. Taylor*, 45 N.C. App. 229, 262 S.E. 2d 869, *rev'd on other grounds*, 301 N.C. 200, 271 S.E. 2d 54 (1980)). The court stated, "Where a contract does not clearly and unambiguously set out its scope, the parties' intentions become a question for the jury. *See Gore v. George J.*

*Ball, Inc.,* 279 N.C. 92, 182 S.E. 2d 389 (1971). *See generally* 66 Am. Jur. 2d *Release* § 30 (1973)." *Id.,* 353 S.E. 2d at 230.

The Court of Appeals noted that the release in this case was worded "very broadly" and executed by the plaintiff and the other officers of Knob Creek in consideration for a favorable price for their stock. *Id.,* 353 S.E. 2d at 230. The plaintiff signed the release within a month after signing his employment contract. For such reasons the Court of Appeals concluded that "[t]he question whether the release was intended by the parties to cover any 'claims, demands, actions [or] causes of action . . . growing out of . . .' this employment contract was one for the jury." *Id.,* 353 S.E. 2d at 230. We disagree.

The general rule with respect to the scope of a release is that:

> A release ordinarily operates on the matters expressed therein which are already in existence at the time of the giving of the release. Accordingly, demands originating at the time a release is given or subsequently, and *demands subsequently maturing or accruing, are not as a rule discharged by the release unless expressly embraced therein or falling within the fair import of the terms employed.*

76 C.J.S. *Release* § 53 (1952) (emphasis added); *Accord* 66 Am. Jur. 2d *Release* § 29 (1973). *See also Moore v. Maryland Casualty Co.,* 150 N.C. 153, 63 S.E. 675 (1909) ("[T]he release shall be construed from the standpoint which the parties occupied at the time of its execution, and confined to the intention of the parties at the time of such execution").

In this case the plaintiff had a ten year employment contract with Knob Creek. When Knob Creek was acquired by Ethan Allen, the officers and shareholders of Knob Creek, including the plaintiff, each signed general releases stating, "[T]he said officer doth hereby release and forever discharge Knob Creek . . . from all *claims, demands, actions, causes of action,* on account of, connected with, or growing out of any matter or thing whatsoever." (Emphasis added.) The defendant argues that the jury should have been allowed to find that this release waived all of the plaintiff's rights, including his contractual right to employment.

Travis v. Knob Creek, Inc.

We disagree with the defendant and conclude, instead, that the terms of the release were unambiguous. As used in this release, "claims" and "demands" referred to then existing or matured causes of action. In legal terms a "claim" is a "cause of action," and a "demand" is "the assertion of a legal right." Black's Law Dictionary 224, 386 (5th ed. 1979). There is no ambiguity to be examined and no unclear language to be interpreted by a jury.

At the time he signed his general release, the plaintiff neither had a cause of action nor had he asserted a legal right to continue working for Knob Creek. Until Knob Creek sought to discharge him, there was no reason for him to make such an assertion. His "claim" did not arise until over four years after the date of the release. The release did not specifically include future claims or existing non-asserted rights, and it did not contain any language implying that such claims or rights were being released. As a matter of law, the release here could not bar the plaintiff's claim or his right to work under the terms of the employment contract, because the release did not specifically refer to future claims or existing rights. Therefore, the Court of Appeals erred in holding that the trial court correctly permitted the jury to determine that the release barred the plaintiff's action.

The defendants have called our attention to another issue that they presented to the Court of Appeals but which that court found no need to address. In their new brief filed with this Court, the defendants presented no arguments or authorities on this issue. Therefore, the issue must be deemed abandoned. Rule 28(a), North Carolina Rules of Appellate Procedure.

The decision of the Court of Appeals is reversed, and this case is remanded to that court for its further remand to the trial court for proceedings consistent with this opinion.

Reversed and remanded.

Justice MEYER dissenting.

I dissent for the reasons stated by the panel of the Court of Appeals in its unanimous opinion reported at 84 N.C. App. 561, 353 S.E. 2d 229 (1987).

Justices WEBB and WHICHARD join in this dissenting opinion.