CYDNEE C. SIMS v. DAN GERNANDT, DAN GERNANDT d/b/a/ DAN'S FOREIGN CAR REPAIR

No. 514A94

(Filed 28 July 1995)

**Torts § 31 (NCI4th)— release signed by plaintiff—claim in existence at time of signing—release as bar to action**

    A release signed by plaintiff effectively barred her claim that defendant fraudulently concealed damages to her car where plaintiff took her car to defendant for repairs to the clutch; when she picked it up, she noticed a peculiar odor and a stain on the carpet near the gas pedal; defendant refunded the $30 fee paid by

plaintiff; plaintiff signed a document whereby she agreed to "relinquish [defendant] of any responsibility whatsoever, of any kind for my [car]"; and any responsibility of defendant to plaintiff was already in existence at the time plaintiff signed the document and was, therefore, released by that document.

**Am Jur 2d, Release §§ 29 et seq.**

Justice PARKER concurs in the result.

Justice FRYE dissenting.

Justices LAKE and ORR join in this dissenting opinion.

Appeal by plaintiff pursuant to N.C.G.S. § 7A-30(2) of the decision of a divided panel of the Court of Appeals, 116 N.C. App. 299, 447 S.E.2d 455 (1994), affirming an order allowing defendant's motion for summary judgment entered by Manson, J., on 21 June 1993 in District Court, Durham County. Heard in the Supreme Court 10 May 1995.

*McGill & Noble, by Christa A. McGill, for plaintiff-appellant.*

*Browne, Flebotte, Wilson & Horn, P.L.L.C., by Daniel R. Flebotte, for defendant-appellee.*

MITCHELL, Chief Justice.

Plaintiff's complaint and forecast of evidence indicate that she took her car to defendant's repair shop to have the clutch cable tightened. When she returned for her car, she noticed a peculiar odor and a stain on the carpet near the gas pedal. Defendant agreed to refund the $30.00 fee paid by plaintiff. Defendant then presented plaintiff with a one-sentence release, which plaintiff signed.

Plaintiff alleges she later discovered that her gas line had been damaged while her car was being worked on by defendant, and the damage caused a gasoline leak that resulted in the carpet stain and odor. Plaintiff then brought this action against defendant claiming that defendant fraudulently concealed the damage to her car. Plaintiff admits that she did not read the document that defendant gave her to sign, but she contends that she did not know she was signing a "release." The document signed by plaintiff was as follows: "I Cydnee C. Sims [plaintiff's signature] agree to relinquish Dan Gernandt of any responsibility whatsoever, of any kind for my 85 Honda-Civic &

hereby receive a refund in full of $30.00 for welding of vehicle pedal." Plaintiff states in her affidavit that she believed she was signing a receipt for the $30.00 refund.

Defendant moved for summary judgment, relying on the release. After a hearing, the trial court granted defendant's motion and plaintiff appealed. The Court of Appeals, with Judge Wynn dissenting, affirmed the order of the trial court. Plaintiff now appeals to this Court from Judge Wynn's dissent below.

The sole issue presented on this appeal is whether the plaintiff's release effectively bars her claim. Plaintiff argues that the basis of her claim arose subsequent to her signing of the release and is therefore not barred by the release. Plaintiff relies on *Travis v. Knob Creek, Inc.*, 321 N.C. 279, 362 S.E.2d 277 (1987), *reh'g denied*, 321 N.C. 481, 364 S.E.2d 672 (1988), where this Court stated:

"A release ordinarily operates on the matters expressed therein which are already in existence at the time of the giving of the release. Accordingly, demands originating at the time a release is given or subsequently, and *demands subsequently maturing or accruing, are not as a rule discharged by the release unless expressly embraced therein or falling within the fair import of the terms employed.*"

*Id.* at 282, 362 S.E.2d at 279 (quoting 76 C.J.S. *Release* § 53 (1952)) (alteration in original).

In *Travis*, the plaintiff was employed by defendant Knob Creek from 1977 until the company was bought by defendant Ethan Allen in 1979. When plaintiff learned that the company was going to be sold, he negotiated and signed a ten-year employment contract with Knob Creek to ensure his continued employment by Ethan Allen. Shortly thereafter, Ethan Allen asked the plaintiff to sign a release which released and discharged Knob Creek "from all *claims, demands, actions, causes of action*, on account of, connected with, or growing out of any matter or thing whatsoever." *Id.* at 281, 362 S.E.2d at 278 (emphasis added). Five years later, Ethan Allen fired the plaintiff, and he sued for breach of his employment contract. Defendants argued that the release barred the plaintiff's claim. This Court stated that because "[t]he release did not specifically include future claims or existing non-asserted rights" and "did not contain any language implying that such claims or rights were being released," the release did not bar plaintiff's claim. *Id.* at 283, 362 S.E.2d at 279.

**SIMS v. GERNANDT**

[341 N.C. 162 (1995)]

This case is distinguishable from *Travis*. In *Travis*, plaintiff had an ongoing relationship with Knob Creek. He signed the release prior to the expiration of his ten-year employment contract. Moreover, at the time plaintiff signed the release, he did not have a claim for relief and had not asserted a legal right to continue working for Knob Creek. Knob Creek's obligations had not yet fully matured or accrued. Here, by contrast, when plaintiff smelled the odor and saw the stain on the carpet of her car, she was aware that something was wrong with the car. Her claim against defendant had accrued. After some discussion, the parties agreed that defendant would refund the $30.00 fee plaintiff had paid, and plaintiff signed a release. At the time of signing the release, there was no continuing relationship between the parties, and any obligation of defendant to plaintiff had matured.

We conclude that the document in this case is effective as a release of plaintiff's claim against defendant. The document clearly and unambiguously informs the reader that it is a release by the signatory of "any responsibility [of defendant] whatsoever, of any kind for my 85 Honda-Civic." Any responsibility of defendant to plaintiff was already in existence at the time plaintiff signed the document and was therefore released by that document.

Summary judgment for defendant was properly granted by the trial court, and the decision of the Court of Appeals affirming that judgment is affirmed.

AFFIRMED.

Justice PARKER concurs in the result.

Justice FRYE dissenting.

The majority concludes that the trial court did not err in granting defendant's motion for summary judgment as to the plaintiff's claim, holding that the document in this case is effective as a release of plaintiff's claim against defendant. I believe that the forecast of evidence in this case, viewed properly, presented a question of fact for the jury as to whether defendant fraudulently induced plaintiff to sign the release. Thus, defendant, as the moving party, was not entitled to judgment as a matter of law.

We have held that summary judgment should be "granted when, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party

is entitled to judgment as a matter of law." *Aetna Casualty & Surety Co. v. Nationwide Mut. Ins. Co.*, 326 N.C. 771, 774, 392 S.E.2d 377, 379 (1990) (quoting *Beckwith v. Llewellyn,* 326 N.C. 569, 573, 391 S.E.2d 189, 191, *reh'g denied,* 327 N.C. 146, 394 S.E.2d 168 (1990)). In order to be entitled to summary judgment, the moving party must bear the burden of showing that no questions of material fact remain to be resolved. *Id.*

Without unnecessary duplication, the forecast of evidence, taken in the light most favorable to plaintiff, the non-moving party, shows that after defendant had serviced plaintiff's Honda automobile, plaintiff returned the automobile to defendant when she noticed a peculiar odor and carpet stains. Defendant inspected the automobile and did not disclose to plaintiff that her automobile's fuel line had been damaged. Instead, defendant told plaintiff that the odor was probably residual smell from the welding. Defendant assured plaintiff that the odor would dissipate and denied knowledge of the origin of the stains. Relying on defendant's assessment of the problem, plaintiff obtained an estimate for shampooing the carpet.

Thereafter, plaintiff telephoned defendant and asked him for a contribution towards having the carpet shampooed. Defendant became very upset during the conversation and agreed to refund plaintiff's $30.00 payment as his contribution. Plaintiff and defendant agreed that plaintiff would sign a "receipt" for the $30.00 refund. Defendant refused to meet with plaintiff that day, claiming that he was too busy at work. Therefore, they agreed to meet the following week.

However, almost immediately following their telephone conversation, defendant unexpectedly appeared at plaintiff's work place at a time when plaintiff was very busy with customers. Defendant gave plaintiff $30.00 and presented a document for plaintiff's signature. Defendant never revealed that the document was anything other than a receipt for his contribution towards having the carpet shampooed as they had agreed during their prior telephone conversation.

When neither the odor nor the stains dissipated, plaintiff took her automobile to a Honda dealership. The mechanic there informed plaintiff that the fuel line had been damaged to the point of leakage by a welding device near the clutch cable. The mechanic found the damage to be readily apparent. The mechanic informed plaintiff that the automobile was in a very dangerous condition and that she was extremely lucky that there had been no explosion.

The majority holds that the "receipt" signed by plaintiff is effective as a release of plaintiff's claim against defendant. However, a release procured by fraud or misrepresentation is invalid. *Cunningham v. Brown,* 51 N.C. App. 264, 276 S.E.2d 718 (1981). Indeed, the principle is often stated, in broad and sweeping language, that fraud destroys the validity of everything into which it enters, and that it vitiates the most solemn contracts, documents, and even judgments. *See generally* 37 Am. Jur. 2d *Fraud and Deceit* § 8 (1968). A pleading setting up fraud must allege the facts relied upon to constitute fraud, and that the alleged false representation was made with intent to deceive plaintiff, or must allege facts from which such intent can be legitimately inferred. *Calloway v. Wyatt,* 246 N.C. 129, 97 S.E.2d 881 (1957).

I believe that the allegations of the complaint, and the materials presented to and considered by the trial court on the motion for summary judgment, are sufficient to permit a legitimate inference of intent to deceive. Considering the evidence in the light most favorable to plaintiff, as we are bound to do, I conclude that the forecast of evidence presents a genuine issue of material fact as to whether defendant fraudulently induced plaintiff to sign the release. Accordingly, I would hold that the trial court erred in granting defendant's motion for summary judgment and the Court of Appeals, therefore, erred in affirming the trial court.

I am authorized to state that Justice LAKE and Justice ORR join in this dissenting opinion.