CARL JAMES BEESON v. RICHARD LEE MOORE

No. 7618SC406

(Filed 17 November 1976)

Torts § 7— release of all claims arising from accident — plaintiff's claim that release was for property damage — action for personal injuries barred

In an action to recover for personal injuries sustained by plaintiff in an automobile accident where defendant alleged that plaintiff signed a release of all claims arising from the accident, plaintiff's affidavit alleging that he signed the release in the belief that he had not suffered any personal injury as a result of the accident and that he thought the release was for property damage only was insufficient to show that the release was executed under a mutual mistake, since plaintiff offered no evidence that would indicate the defendant was mistaken about or misrepresented what he paid for.

APPEAL by plaintiff from *Long, Judge.* Judgment entered 17 February 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 22 September 1976.

Plaintiff filed complaint on 22 September 1975 seeking to recover damages for personal injuries received in an automobile accident with defendant which occurred on 15 September 1973. Defendant answered, denying negligence and asserting that he had settled plaintiff's claim and obtained a release on 21 September 1973. Defendant moved for summary judgment on plaintiff's claim. He submitted an affidavit from his insurance company's claims adjuster to the effect that the adjuster had issued a draft for $900 to plaintiff on 21 September 1973

and that the draft contained an agreement specifying that the endorsement would constitute a release of all claims arising out of the 15 September 1973 accident. Defendant also requested plaintiff to admit the genuineness of the 21 September 1973 draft and endorsement and negotiation of the draft by plaintiff. In response, plaintiff made the requested admissions; however, he also filed an affidavit to the effect that the draft had been issued and negotiated on the belief that it only covered property damage and that plaintiff's injuries did not appear until later. Judge Long granted defendant's motion for summary judgment as to plaintiff's claim. Plaintiff appealed.

*Morgan, Byerly, Post, Herring & Keziah, by James F. Morgan, for plaintiff.*

*Bencini, Wyatt, Early & Harris, by William E. Wheeler, for defendant.*

MARTIN, Judge.

Plaintiff contends the trial court committed error by entering summary judgment in favor of defendant.

In the instant case, it is clear that the plaintiff admitted the execution of a release. It is therefore encumbent upon him to prove any matter in avoidance. See *Caudill v. Manufacturing Co.,* 258 N.C. 99, 128 S.E. 2d 128 (1962). See also *Matthews v. Hill,* 2 N.C. App. 350, 163 S.E. 2d 7 (1968).

In regards to releases, it has been held that:

" 'A release executed by the injured party and based on a valuable consideration is a complete defense to an action for damages for the injuries and where the execution of such releases is admitted or established by the evidence it is necessary for the plaintiff (releasor) to prove the matter in avoidance.' " (Citation omitted.) *Caudill v. Manufacturing Co., supra* at 102, 128 S.E. 2d at 130.

It is generally held that one way to avoid a release is for the releasor to:

" ' . . . show that it was executed by mutual mistake, as between himself and the releasee, of a past or present fact, material to the release or the agreement to release . . . unless it further appears that the parties intended that claims for all injuries, whether known or unknown at the time

of the execution of the release, be relinquished. . . . '"
*Caudill v. Manufacturing Co., supra* at 102, 128 S.E. 2d
at 130.

In the instant case, the sole issue on the motion for sum-
mary judgment as developed by the pleadings and proofs was
whether there was a mutual mistake of an existing fact suffi-
cient to render the release voidable. Plaintiff's affidavit reflects
only that he signed the release in the belief that he had not
suffered any personal injury as a result of the accident and
that *he* thought the draft was given only for property damage.

In determining whether a release was executed under a
mutual mistake, the North Carolina Supreme Court has stated
that:

" ' . . . all of the circumstances relating to the signing must
be taken into consideration, including the sum paid for
the release. A factor to be considered in cases of this kind
is whether the question of liability was in dispute at the
time of the settlement. The source or author of the mis-
take is of no consequence if the parties in good faith relied
on it, or were misled by it, and the releasor was thereby
induced to release a liability, which he could not otherwise
have done.' " *Caudill v. Manufacturing Co., supra* at 103,
128 S.E. 2d at 131.

In the instant case, the plaintiff offered no evidence that
would indicate the defendant was mistaken about or misrepre-
sented what he was paying for. The release read "In full settle-
ment of any and all claims arising out of accident of 9-15-73,
Kernersville, N. C." Plaintiff says he knew of no injuries and
thought the $900 was for repairs to his automobile. There was
no evidence tending to show a corresponding mistake on the
defendant's part. Moreover, the plaintiff failed to show the cost
for repair to his automobile or whether it was more or less
than the draft. If it was less, the difference could have been
consideration for unknown injuries and if more, it may have
been a compromise of a disputed claim. In either instance, the
defendant would not be laboring under a mistake. In addition,
there is no evidence as to the nature and extent of the injuries
nor when they developed in relation to the date of the release.
There is also no evidence as to whether the consideration re-
ceived was grossly inadequate. Although the plaintiff contends
he thought the draft was for damages to his automobile, he

does not claim that he was unable to read, that he was misled or that the release failed to express the intention of the parties at the time of the settlement.

Plaintiff has failed to plead or offer evidence of any matter which would successfully nullify the release. Rule 56 (e) provides that the adverse party, when responding to motion for summary judgment, must set forth specific facts showing that there is a genuine issue for trial. This he failed to do. Therefore, the trial court properly allowed defendant's motion for summary judgment.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur.