JANIE LEE WYATT v. DEZER PRUITT IMES

No. 7723SC593

(Filed 16 May 1978)

**Torts § 7.2— release of insurer—no mutual mistake**

In an action to recover for personal injury and property damages suffered by plaintiff in an automobile accident with defendant where defendant pled in bar of plaintiff's recovery a release signed by plaintiff, the trial court properly entered summary judgment for defendant, since plaintiff's contention that her signing of the release was induced by a mistake of fact as to the extent of her injuries was unsupported by the evidence which did not show that the mistake was mutual but which did show that plaintiff signed the release after discussing estimates of her damages with an insurance adjuster and that plaintiff, on several occasions subsequent to the signing of the release, indicated her desire to settle for the amount offered by the insurance company.

APPEAL by plaintiff from *Crissman, Judge.* Order entered 31 May 1977, in Superior Court, WILKES County. Heard in the Court of Appeals 7 April 1978.

Plaintiff filed complaint seeking to recover for personal injuries and property damage received in an automobile accident with defendant. Defendant answered, denying negligence, asserting that plaintiff and defendant's representative reached an agreement on 18 December 1975, that Six Hundred Fifty Dollars ($650) was sufficient to settle plaintiff's claim and pleading, in bar of plaintiff's recovery, a release signed by the plaintiff. Plaintiff, pursuant to G.S. 1A-1, Rule 12(f), moved to strike from defendant's answer the plea in bar and, in support of her motion, alleged that she returned the check for $650 made to her by defendant's insurer, and, therefore, that she had not completed the release. Her motion to strike was denied.

Plaintiff's reply alleged that, while hospitalized between 23 December 1975 and 2 January 1976, she had received the draft from the insurance company. Under advice of her attorneys, plaintiff returned the check to the insurance company.

Pursuant to G.S. 1A-1, Rule 56, defendant moved for summary judgment and submitted an affidavit by J. M. Wise, an insurance adjuster, who stated that he negotiated a settlement with plaintiff on 18 December 1975; that he and plaintiff discussed all personal injuries and property damages arising out of the acci-

dent on 8 December 1975; that plaintiff executed a release in full and complete settlement; and that after the execution of the release, but prior to the receipt of the draft, plaintiff contacted Wise on several occasions to indicate her desire to accept the draft as quickly as possible. Plaintiff's response to defendant's motion for summary judgment stated that, at the time the release was signed, plaintiff was mistaken as to the full extent of her injuries. Defendant's motion for summary judgment was granted and plaintiff appeals.

*McElwee, Hall & McElwee, by John E. Hall and William C. Warden, Jr., for plaintiff appellant.*

*Pope, McMillan & Bender, by Constantine H. Kutteh II, for defendant appellee.*

ARNOLD, Judge.

Plaintiff's contention in this appeal is that it was error to grant summary judgment for defendant. Her position may evoke sympathy from the Court, but it is without basis in logic or law. Plaintiff admitted signing the release with the insurance company, but she contends that her signing was induced by a mistake of fact as to the extent of her injuries. While our courts have held that a release from liability for personal injury may be set aside for mutual mistake of fact, *Cheek v. R.R.*, 214 N.C. 152, 198 S.E. 626 (1938), there is nothing in the instant case to suggest that the mistake was mutual. The North Carolina Supreme Court has broadly outlined factors to be considered in determining whether a release was executed under a mutual mistake of fact:

> ". . . [A]ll of the circumstances relating to the signing must be taken into consideration, including the sum paid for the release. A factor to be considered in cases of this kind is whether the question of liability was in dispute at the time of the settlement. The source or author of the mistake is of no consequence if the parties in good faith relied on it, or were misled by it, and the releasor was thereby induced to release a liability, which he would not otherwise have done."

*Caudill v. Manufacturing Co.*, 258 N.C. 99, 103, 128 S.E. 2d 128, 131 (1962), quoting 76 C.J.S., Release, s. 25a, pp. 645-47.

In the case *sub judice*, the plaintiff offered no evidence that indicates any mistake or misrepresentation by defendant, through J. M. Wise. Both the deposition of plaintiff and the affidavit of Wise indicate that plaintiff and Wise discussed the estimates of damage to plaintiff's automobile and the medical bills plaintiff had received. The release plaintiff signed stated that plaintiff did "release, acquit and discharge the said Dezer D. Imes from all claims and demands, actions and causes of action, damages, cost, loss of service, expenses and compensation on account of, or in any way growing out of bodily injuries and property damage resulting *or to result* from . . . [the] accident . . . ." [Emphasis added.]

Furthermore, according to the undisputed affidavit of J. M. Wise, plaintiff on several occasions indicated her desire to settle for $650. While there is evidence tending to support the fact that plaintiff's damages ultimately came to $3000, we cannot say that the sum of $650 was an unreasonable amount to pay for the release at the time the release was signed. Finally, plaintiff at no time has alleged that she was unable to read, that she was misled by defendant, or that the release failed to express the intention of the parties at the time of the settlement. *See Beeson v. Moore*, 31 N.C. App. 507, 229 S.E. 2d 703 (1976), *cert. denied*, 291 N.C. 710, 232 S.E. 2d 203 (1977), a case in which summary judgment for defendant was affirmed even though plaintiff argued that he mistakenly believed that the release he signed was solely for automobile damage and not personal injury.

We find that the trial court properly granted defendant's motion for summary judgment.

Affirmed.

Judges MORRIS and MARTIN concur.