SIMS v. GERNANDT

[116 N.C. App. 299 (1994)]

———————

CYDNEE C. SIMS, Plaintiff v. DAN GERNANDT, DAN GERNANDT d/b/a DAN'S FOREIGN CAR REPAIR, Defendant

No. 9314DC892

(Filed 6 September 1994)

1. **Torts § 12 (NCI4th)— release from liability—sufficiency of document**

    A document signed by plaintiff stating that she agreed "to relinquish [defendant automobile mechanic] of any responsibility whatsoever, of any kind for my 85 Honda-Civic & hearby receive a refund in full of $30.00 for welding of vehicle pedal" was effective as a release of defendant from liability for any claims arising out of the welding of the gas pedal of plaintiff's car.

    **Am Jur 2d, Release §§ 28 et seq.**

2. **Torts § 21 (NCI4th)— release from liability—no mutual mistake of fact**

    A release of defendant mechanic from liability for any claims arising from the welding of the gas pedal of plaintiff's car could not be set aside for mutual mistake of fact where plaintiff failed to assert that defendant was mistaken about the extent of the alleged damage from his welding, since any mistake by plaintiff cannot be said to be mutual.

    **Am Jur 2d, Release §§ 18-20.**

3. **Torts § 23 (NCI4th)— release from liability—failure to read release—no improper inducement**

    Plaintiff was not entitled to set aside a release of defendant automobile mechanic from liability for repairs to her car on the ground of improper inducement where plaintiff failed to allege

that defendant procured her signature on the release by fraud, and plaintiff admitted that she signed the release without reading it even though a cursory reading would have given plaintiff a sufficient understanding of what she was signing.

**Am Jur 2d, Release § 15.**

Judge WYNN dissenting.

Appeal by plaintiff from order filed 22 June 1993 by Judge William Y. Manson in Durham County District Court. Heard in the Court of Appeals 21 April 1994.

*McGill & Noble, by Christa A. McGill, for plaintiff-appellant.*

*Browne, Flebotte, Wilson & Horn, by Daniel R. Flebotte, for defendant-appellee.*

LEWIS, Judge.

Plaintiff took her car to defendant's repair shop for repairs. Plaintiff was dissatisfied with defendant's work because of a stain on the carpet and an odor. After discussions, the parties agreed that defendant would refund the $30.00 fee paid. Defendant then presented plaintiff with a one-sentence release, which plaintiff signed.

Plaintiff alleges that she later discovered that her gas line had been damaged while her car was being repaired by defendant, and that the damage resulted in the carpet stains and the odor. Plaintiff then brought this action against defendant claiming that he fraudulently concealed the dangerous condition of her car. Plaintiff admits that she did not read the document that defendant gave her to sign, and that she did not know that she was signing a "release." The document signed by plaintiff read as follows: "I Cydnee C. Sims [plaintiff's signature] AGREE TO RELINQUISH DAN GERNANDT OF ANY RESPONSIBILITY WHATSOEVER, OF ANY KIND FOR MY 85 HONDA-CIVIC & HEREBY RECEIVE A REFUND IN FULL OF $30.00 FOR WELDING OF VEHICLE PEDAL." Plaintiff stated in her affidavit that she believed that she was signing a receipt for the $30.00 refund.

Defendant moved for summary judgment relying on the alleged release, and after a hearing, the trial court granted defendant's motion. From that judgment, plaintiff appeals.

I.

[1]  In her first assignment of error, plaintiff contends that the trial court erred in granting defendant's motion for summary judgment because the document signed by plaintiff did not release defendant from liability. Plaintiff argues that the language of the document renders it ineffective as a release. We disagree.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." *Bernick v. Jurden*, 306 N.C. 435, 440, 293 S.E.2d 405, 409 (1982). The moving party meets this burden by "proving that an essential element of the opposing party's claim is non-existent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." *Collingwood v. General Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). The papers of the moving party are carefully scrutinized while those of the opposing party are regarded with indulgence. *Stroup Sheet Metal Works, Inc. v. Heritage, Inc.*, 43 N.C. App. 27, 30, 258 S.E.2d 77, 79 (1979).

Plaintiff argues that the wording of the document should render it void. Plaintiff asserts that in applying a literal, dictionary sense, one cannot "relinquish" another "of any responsibility" because one can only relinquish something with which one has a personal connection. Plaintiff argues that contrary to the document, she is not claiming that defendant ever had responsibility for her car. Instead, she contends that defendant is liable for his alleged defective work. In essence, plaintiff argues that "responsibility" and "liability" do not have the same meaning. Therefore, since the document purports to release defendant from responsibility and not liability, it is not effective as a release. Finally, plaintiff asserts that the document is ambiguous if not nonsensical, and that it should therefore be read against the drafter.

We hold that the document, as written, is effective as a release. Read in its ordinary sense, the document clearly informs the reader of the drafter's intent to be released by the signor of any claims arising out of the welding of the car's pedal. Therefore, this assignment of error is overruled.

## II.

**[2]** Plaintiff next argues that the trial court erred by granting defendant's motion for summary judgment because the release was signed under mutual mistake of fact. We disagree.

A release from liability may be set aside for mutual mistake of fact. *Wyatt v. Imes*, 36 N.C. App. 380, 381, 244 S.E.2d 207, 208, *disc. review denied*, 295 N.C. 557, 248 S.E.2d 735 (1978). The factors to be considered when determining whether a release has been executed under a mutual mistake are the following:

> [A]ll of the circumstances relating to the signing must be taken into consideration, including the sum paid for the release. A factor to be considered in cases of this kind is whether the question of liability was in dispute at the time of the settlement. The source or author of the mistake is of no consequence if the parties in good faith relied on it, or were misled by it, and the releasor was thereby induced to release a liability, which he would not otherwise have done.

*Caudill v. Chatham Mfg. Co.*, 258 N.C. 99, 103, 128 S.E.2d 128, 131 (1962); *Wyatt v. Imes*, 36 N.C. App. at 381, 244 S.E.2d at 208.

In *Wyatt*, the plaintiff sought to recover from the defendant for personal injuries. The defendant raised a release signed by the plaintiff as a bar to the plaintiff's recovery. The plaintiff argued that when she signed a release with the defendant, she was mistaken as to the full extent of her injuries. *Wyatt*, 36 N.C. App. at 381, 244 S.E.2d at 207. This Court affirmed the trial court's summary judgment in favor of the defendant. The Court found that the plaintiff had presented no evidence to suggest any mistake on the part of the defendant, and therefore the mistake could not be said to be mutual. *Id.* at 381, 244 S.E.2d at 208.

Similarly, in *Beeson v. Moore*, 31 N.C. App. 507, 229 S.E.2d 703 (1976), *disc. review denied*, 291 N.C. 710, 232 S.E.2d 203 (1977), this Court affirmed the trial court's ruling of summary judgment in favor of the defendant. The plaintiff admitted executing a release with the defendant, but asserted that he did so believing it to cover only property damage and not personal injuries. The Court found that the plaintiff had failed to set forth specific facts showing that he was mistaken about what the release was intended to cover. *Id.* at 509, 229 S.E.2d at 705.

In the instant case, plaintiff's affidavit contains no allegation that defendant was mistaken about the extent of the alleged damage resulting from his welding. Therefore, any mistake by plaintiff cannot be said to be mutual and thus, this assignment of error is overruled.

### III.

[3] Finally, plaintiff alleges that defendant induced her to sign the release. However, plaintiff never, at any time, alleges in her complaint that defendant procured her signature through fraud. Therefore, there is no question of fact as to whether defendant procured plaintiff's signature through fraud.

Plaintiff admits that she signed the release without reading it, but even a cursory reading of the one-sentence statement by plaintiff would have given plaintiff a sufficient understanding of what she was signing. The North Carolina Courts have long held that "[a] person signing a written instrument is under a duty to read it for his own protection, and ordinarily is charged with knowledge of its contents. Nor may he predicate an action for fraud on his ignorance of the legal effect of its terms." *Biesecker v. Biesecker*, 62 N.C. App. 282, 285, 302 S.E.2d 826, 828-29 (1983).

The Courts have also held that "[o]ne who signs a written contract without reading it, when he can do so understandingly, is bound thereby unless the failure to read is justified by some special circumstance. To escape the consequences of a failure to read because of special circumstances, complainant must have acted with reasonable prudence." *Davis v. Davis*, 256 N.C. 468, 472, 124 S.E.2d 130, 133 (1962) (citations omitted).

We find that plaintiff not only failed to allege fraud in defendant's obtaining her signature, but also failed to act with reasonable prudence in neglecting to read the one-line document.

Therefore, we conclude that there is no genuine issue of material fact as to whether defendant procured plaintiff's signature through fraud and that plaintiff should have read the statement before she signed it.

Affirmed.

Judge EAGLES concurs.

Judge WYNN dissents.

SIMS v. GERNANDT

[116 N.C. App. 299 (1994)]

Judge WYNN dissenting.

I respectfully dissent from the majority's opinion because I conclude that the release does not bar plaintiff's claim. In *Travis v. Knob Creek, Inc.* our Supreme Court stated the general rule with respect to the scope of a release.

> A release ordinarily operates on the matters expressed therein which are already in existence at the time of the giving of the release. Accordingly, demands originating at the time a release is given or subsequently, and *demands subsequently maturing or accruing, are not as a rule discharged by the release unless expressly embraced therein or falling within the fair import of the terms employed.*

*Travis v. Knob Creek, Inc.*, 321 N.C. 279, 282, 362 S.E.2d 277, 279 (1987), *reh'g denied*, 321 N.C. 481, 364 S.E.2d 672 (1988) (quoting 76 C.J.S. *Release* § 53 (1952)). *See also Moore v. Maryland Casualty Co.*, 150 N.C. 153, 155, 63 S.E. 675, 676 (1909) ("[T]he release shall be construed from the standpoint which the parties occupied at the time of its execution, and confined to the intention of the parties at the time of such execution.").

In *Travis*, the plaintiff signed a ten-year employment contract with his employer, Knob Creek, Inc. When Knob Creek was taken over by Ethan Allen, the new owner asked the plaintiff and all other principal stockholders to sign a release which released and discharged Knob Creek "from all claims, demands, actions, causes of action, on account of, connected with, or growing out of any matter or thing whatsoever." *Travis*, 321 N.C. at 281, 362 S.E.2d at 278. Five years later Ethan Allen fired the plaintiff and he sued for breach of his employment contract. Ethan Allen argued that the release barred plaintiff's claim. *Id.*

The Supreme Court held that, as a matter of law, since the release did not "specifically include future claims or existing non-asserted rights" and did not "contain any language implying that such claims or rights were being released" then the release did not bar the plaintiff's claim. *Id.* at 283, 362 S.E.2d at 279. The Court held that for the release to bar the plaintiff's claim it must "specifically refer to future claims or existing rights." *Id.*

In the instant case the release reads: "I Cyndee C. Sims [plaintiff's signature] AGREE TO RELINQUISH DAN GERNANDT OF ANY RESPONSIBILITY

WHATSOEVER, OF ANY KIND FOR MY 85 HONDA-CIVIC & HEREBY RECEIVE A REFUND IN FULL OF $30.00 FOR WELDING OF VEHICLE PEDAL." This release does not specifically refer to any future claims or existing rights of plaintiff. N.C. Gen. Stat. § 1-52(16) provides a three-year statute of limitations for personal injury or physical damage to the plaintiff's property and states that "the cause of action, . . . shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant." N.C. Gen. Stat. § 1-52(16) (Cum. Supp. 1993). At the time she signed the release, plaintiff was not aware her gas line had been damaged. Therefore, plaintiff's negligence action against defendant for the damage to her gas line was a future claim that had not arisen when the parties signed the release. Since the release does not specifically refer to future claims, it does not bar plaintiff's claim. I would therefore reverse the trial court's entry of summary judgment against plaintiff and remand this matter for trial. I respectfully dissent.